IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN SOLOMON, | : | CIVIL ACTION NO. **1:09-CV-1219** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| RONNIE HOLT, Warden, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On June 26, 2009, Petitioner, Nathan Solomon, an inmate at the United States Penitentiary at Canaan in Waymart, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner also simultaneously filed an accompanying brief. (Doc. 2). Petitioner paid the filing fee. (Doc. 1). On June 30, 2009, the Court ordered the Respondent to respond to the Petitioner's habeas petition. (Doc. 5). On July 20, 2009, the Respondent, Ronnie Holt, Warden at USP-Canaan, filed his Response with several attachments. (Docs. 8, 8-2 and 8-3). On August 3, 2009, the Petitioner filed a Traverse. (Doc. 10).

The habeas petition is now ripe for disposition.[1]

**II. Claims of Habeas Petition.**

The Petitioner's 2-page habeas petition does not challenge the legality of his federal convictions or sentences. Instead, the Petitioner claims that the Federal Bureau of Prisons ("BOP")

---

[1] The undersigned has been assigned this case for the issuance of a Report and Recommendation.

-1-

erroneously calculated his federal sentences and, that he is entitled to jail time credit for one (1) year and three (3) months pursuant to the cases of *Witte v. United States*, 515 U.S. 389 (1995) and *Rios v. Wiley*, 201 F.3d 257 (3d Cir. 2003). (Doc. 1). Petitioner contends that he is entitled to credit towards his current federal sentences for all of the time he was in federal custody as of the date of imposition of his New York federal sentence in case 02-CR-0053, *i.e.* on December 16, 2002, through January 21, 2004, the date his South Carolina federal sentence in case 03-CR-602 was imposed. Petitioner also claims that he is entitled to credit for 54 days of good conduct time he would have earned during the stated time period. Petitioner argues that since he was in federal custody for all of the stated time period, *i.e.* from December 16, 2002 through January 21, 2004, on federal criminal cases, *i.e.* 02-CR-0053 and 03-CR-602, he "is entitled to credit against his federal sentence[s] for all time spent in federal detention." (Doc. 10, p. 1). Petitioner states that the BOP erred with respect to its calculation of his aggregate federal sentences and its determination that he was still in custody on his New York federal sentence in case 02-CR-0053 from December 16, 2002 through January 21, 2004, and with respect to its finding that he was not exclusively in custody awaiting his federal sentence in his South Carolina federal criminal case 03-CR-602 during the stated time period.

The Respondent contends that Petitioner's habeas petition should be dismissed as a successive habeas petition because it contains duplicate issues of a prior habeas petition Petitioner filed in the United States District Court for the Northern District of Ohio. (Doc. 8, p. 6) The Respondent also claims that the present petition should be denied because Petitioner's aggregated federal sentences were properly calculated and he cannot receive credit for time already credited towards his previous federal sentence. (Doc. 8, p. 10). Respondent states that his evidence shows

Petitioner was already credited with the time from his arrest on his New York federal firearm charges, *i.e.* August 21, 2001, through the day prior to the date that his New York federal sentence (case 02-CR-0053) was imposed, *i.e.* December 15, 2002. (*Id.*, p. 5).

In his Traverse, Petitioner argues that the issue of credit for time served was not properly addressed in his prior habeas petition, namely, *Solomon v. Sniekek*, Civ. No. 06-0295, N.D. Ohio, because it was not decided on the merits. (Doc. 10, pp. 4-5). Petitioner states, "absent an 'adjudication upon the merits' there can be no bar to Solomon's current 2241 petition" and that he has "never been afforded an adjudication upon the merits of his claims for sentence time credit under the grounds raised in his [instant habeas] petition." (Doc. 10, p. 5). Petitioner contends that in his Northern District of Ohio habeas case "the Court determined that it lacked jurisdiction and cited that [he] must file a section 2255 Petition as that Court construed [his] attack as solely based upon a 5G1.3 sentencing argument." (*Id.*, p. 4). Petitioner then states that he filed a § 2255 motion and the sentencing court found that it lacked jurisdiction over this motion since he was not contesting the legality of his sentence; rather, he was challenging the execution of his sentence, *i.e.* Petitioner claimed the BOP miscalculated his jail time credit. Petitioner states that the sentencing court directed him to re-file a § 2241 habeas petition. Subsequently, Petitioner states that he was transferred to a prison in the Middle District of Pennsylvania and thus filed his present habeas petition with this Court. (*Id.*).

For the reasons set forth below, we agree with the Respondent that Petitioner's habeas petition should be dismissed as a successive petition.

-3-

**III. Discussion.**

The Respondent argues that the instant habeas petition should be dismissed since Petitioner, in his previous § 2241 habeas petition, already raised the issue that the BOP incorrectly calculated his aggregated federal sentence by not giving him jail credit for all of the time he was in federal custody. (Doc. 8, p. 6). In *Solomon v. Sniekek* [Sniezek], Civ. No. 4:06-CV-0295 (N.D. Ohio 2006), the Petitioner alleged that the BOP erroneously calculated his sentence by not awarding him credit from August 21, 2001 through January 21, 2004. (Doc. 8, Exs. 2 and 3).[2] In fact, in both his § 2241 habeas petitions he filed in Civ. No. 4:06-CV-0295 (N.D. Ohio 2006) and in his instant habeas Petition, Petitioner relied upon the *Rios* case. In his Ohio habeas petition, Petitioner cited to the District Court's decision, and in the present habeas petition, Petitioner cites to the Third Circuit's *Rios* decision. In his Ohio § 2241 habeas petition he filed in Civ. No. 4:06-CV-0295, very similar to his claims in the present habeas petition, Petitioner stated that his two federal criminal cases and his charges were related and that he received concurrent sentences with respect to the two cases, *i.e.* 70 months in case 02-CR-0053 and 140 months in case 03-CR-602. Petitioner argued in his previous habeas petition that the calculation by the BOP for his aggregated federal sentence should have commenced to run the date that his first federal sentence was imposed, *i.e.* December 16, 2002. Petitioner stated that his aggregated sentence should have been 11 years and 8 months and not the aggregate sentence which the BOP calculated, *i.e.* 12 years, 9 months and 5 days. (Doc. 8, Ex. 1, ¶11.). Thus, there is a discrepancy of about one (1) year and

---

[2]Petitioner Salomon styled his § 2241 habeas petition he filed in Civ. No. 4:06-CV-0295 (N.D. Ohio 2006) as a "Motion to Correct Petitioner's Sentence Computation Pursuant to § 2241". Doc. 8, Ex. 2.

one (1) month with respect to Petitioner's calculation and the BOP's calculation of his aggregated sentence.

In Petitioner's prior habeas case, *Solomon v. Sniekek* [Sniezek], Civ. No. 4:06-CV-0295 (N.D. Ohio 2006), the Ohio District Court specifically addressed the merits of Petitioner's claims regarding the BOP's alleged incorrect calculation of his aggregate sentence, and stated as follows:

> [H]is [Petitioner's] present argument challenges the BOP's application of January 21, 2004 as an incorrect commencement date for his 140 month sentence. Because his concerns regarding sentence commencement were addressed in Harrell Watts's response to his appeal, the matter is now properly before this court.
>
> It is the responsibility of the BOP to calculate any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. *United States v. Wilson*, 503 U.S. 329, 334-37 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (5th Cir. 1993). A defendant may receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b)(emphasis added). The statute explicitly bars a prisoner from receiving "a double credit for his detention time." *Wilson*, 503 U.S. at 337.
>
> Mr. Solomon is not entitled to additional pre-sentence credit pursuant to 18 U.S.C. § 3585 for the period of time he spent awaiting sentencing in the Southern District of New York, and for the time he spent awaiting sentencing in the District Court of South Carolina. The record indicates that he already received credit for the period of time that he spent awaiting sentencing in New York from August 21, 2001 through December 15, 2002. As noted above, because he already received credit for the time period in question, section 3585 prohibits the application of additional credit for this same period of time toward his 140 month sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.
>
> With regard to petitioner's argument that his 70 month sentence and 140 month sentence should both commence on August 21, 2004, his claim lacks merit. By statute, "[a] sentence to a term of imprisonment commences

> on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585. Within this framework, a federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. *See e.g. Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody).
>
> When the District Court of South Carolina imposed Mr. Solomon's sentence, it was within the judge's discretion to order his 140 [month] sentence to run concurrently or consecutively to his undischarged 70 month sentence. *See* 18 U.S.C. § 3584(a). If the judge exercised that discretion, he was required to consider the applicable Sentencing Guidelines and policy statements in effect at the time of the sentencing, not the provisions of § 3585. *See* 18 U.S.C. § 3553(a). This would remove the matter from the BOP's authority to calculate sentencing credit pursuant to 18 U.S.C. § 3585, and focus on whether the court ordered his second sentence to commence as of the date of arrest for the first conviction in New York pursuant to United States Sentencing Guideline (U.S.S.G.) § 5G1.3. [FN3].
>
> Based on the foregoing, Mr. Solomon has not set forth a valid claim that he is entitled to additional sentencing credit pursuant to § 3585. Even the Third Circuit held, on appeal from the district court's order in *Rios, supra*, that § 3565 did not permit credit in that case. *Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir. 2000) ("plain language of section 3585(b) . . . does not authorize the award of credit for the 22 months that Rios spent in federal control under the . . . writ [of habeas corpus ad prosequendum]").
>
>> FN3 - Section 5G1.3 of the United States Sentencing Guidelines addresses the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.

(Doc. 8, Ex. 3, pp. 4-6).

The Ohio District Court in *Solomon v. Sniekek* [Sniezek], Civ. No. 4:06-CV-0295 (N.D. Ohio 2006), further stated:

> Furthermore, Mr. Solomon may not challenge the failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 habeas corpus petition. While a federal prisoner seeking to challenge the execution of

> his sentence may file a § 2241 petition in the district court having jurisdiction over his custodian, *United States v. Peter man*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), a federal prisoner seeking to challenge the imposition of his sentence must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peter man*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56. Mr. Solomon's implicit U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which he should bring his U.S.S.G. § 5G1.3 challenge. *See Peter man*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56.
>
> In the future, Mr. Solomon may be entitled to review of his U.S.S.G. § 5G1.3 claim under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. However, the burden is upon Mr. Solomon to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. He has not presently shown that his remedy under § 2255 is either inadequate or ineffective.
>
> Based on the foregoing, the matter is dismissed pursuant to 28 U.S.C. § 2243.

(*Id.*, pp. 6-7).

As the Respondent states and the Petitioner acknowledges, *res judicata* does not apply to habeas petitions. (Doc. 8, p. 6 and Doc. 10, p. 5). Rather, courts rely upon the equitable nature of habeas corpus to preclude application of strict rules of *res judicata*. See *Schlup v. Delo*, 513 U.S. 298, 317-319 (1995). *See also Potts v. Zant*, 638 F.2d 727 (5th Cir. 1981)(claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule of 28 U.S.C. § 2244(a)).

In *Hart v. Warden, FCI Schuylkill*, Civ. Docket 3:CV-09-0192, slip op. pp. 3-5 (M.D. Pa. April 30, 2009) (Conaboy, J.), the Court outlined the requirements for dismissal of a successive petition, stating:

-7-

28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section § 2254 Cases in the United States District Courts, as made applicable to 28 U.S.C. by Rule 1, set forth the authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991). § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.
>
> *McCleskey*, 499 U.S. at 489.

In relevant part, section § 2244(a) now provides:

> No Circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section § 2255.

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. See *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that the restrictions on successive petitions found in 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas

> corpus practice 'abuse of the writ" and applying those principles to an original petition filed under 28 U.S.C. § 2241; *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998) (holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (dismissing § 2241 petition as successive pursuant to 2244); *Byrd v. Gillis*, 199 WL 698157, at *1 (E.D. Pa. 1997) (applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under § 2241).

*See Doc. 8-3, Hart v. Warden, FCI Schuylkill*, Civ. Docket No. 3:09-CV-0192 (M.D. Pa. April 30, 2009) (Conaboy, J.); *Jennings v. BOP*, 2009 WL 1181221, *3 (M.D. Pa.).

In his instant § 2241 habeas petition, Petitioner again claims that the BOP made an error in computing his aggregate sentence and he again claims he is entitled to credit for time served in the amount of one (1) year and three (3) months. (Doc. 1). In light of the present habeas petition, Brief and Traverse of Petitioner, as well as Respondent's Response and exhibits, we find that Petitioner's instant claims regarding the BOP's calculation of his aggregate sentence were previously raised by Petitioner and addressed by the Ohio District Court in his first habeas petition, *Solomon v. Sniekek* [Sniezek], Civ. No. 4:06-CV-0295 (N.D. Ohio 2006). As the *Jennings* Court stated, "Petitioner does not provide any substantive argument as to why it would be appropriate for this Court to consider a claim which has already been presented to another federal district court. Petitioner fails to show that his instant [habeas] claims fall within the statutory exceptions outlined above or that he has been granted leave to file a second or successive habeas corpus petition." 2009 WL 1181221, *4.

In *King v. Fed. BOP*, 285 Fed. Appx., 2, 4 (3d Cir. 2008), the Third Circuit stated:

> "[the 28 U.S.C. § 2244(b)] 'gatekeeping' provision generally does not apply to petitions for habeas relief filed pursuant to 28 U.S.C. § 2241. *See, e.g., Zayas v. INS,* 311 F.3d 247, 255 (3d Cir.2002). Instead,

-9-

> second or successive § 2241 petitions are governed by the "abuse of the writ" doctrine. *Id.* at 256-58."

As stated, Petitioner Solomon previously filed a § 2241 habeas petition with the Northern District of Ohio on February 7, 2006, seeking an order from the Court correcting an alleged BOP sentencing computation error. (Doc. 8, Ex. 2). Petitioner argued that the BOP incorrectly used January 21, 2004 as the commencement date for his 140-month sentence imposed in case 03-CR-602 (D. S.C.) when his commencement date should have been August 21, 2001. (Doc. 8, Ex. 3, p. 4). The Court for the Northern District of Ohio decided the Petitioner's first habeas petition on the merits and dismissed it pursuant to 28 U.S.C. § 2243. (Doc. 8, Ex. 3, p. 7). The Court stated that Petitioner Solomon did not set forth a valid claim that he is entitled to additional sentencing credit. (*Id.*, p. 6). The Court also certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from its decision would not be made in good faith. (*Id.*, p. 7).

Furthermore, the Court for the Northern District of Ohio stated that Petitioner could not challenge the failure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in his petition for habeas relief pursuant to § 2241 because § 2255 was the proper vehicle by which he could bring this claim. (*Id.*, p. 6). Therefore, to the extent that Petitioner argues again in his present Traverse (Doc. 10) that the Court is empowered with the authority to grant him credit pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(b), § 2255 is the appropriate motion to assert such a claim. Further, contrary to Petitioner's argument, the Ohio District Court did not simply dismiss his prior habeas petition based on lack of jurisdiction with respect to his claim that the BOP incorrectly calculated his aggregate sentence. Rather, the Ohio District Court only found that, insofar as Petitioner was also claiming that the sentencing court should have reduced his sentence

-10-

under U.S.S.G. § 5G1.3, he was required to file a § 2255 motion. The Ohio District Court decided Petitioner's claim about the BOP's computation of his aggregate sentence on its merits.

Thus, based on the record in the present case, including the Memorandum of Opinion and Order issued by the Court for the Northern District of Ohio, we find that the exact same claims raised by Petitioner Solomon in his instant habeas petition regarding the BOP's calculation of his aggregate sentence were already decided on the merits and dismissed by the Court for the Northern District of Ohio. (Doc. 8, Ex. 3). Petitioner fails to show that his instant claims fall within any of the statutory exceptions outlined above, and there is no indication that Petitioner was granted leave to file a second or successive petition by the United States Court of Appeals for the Third Circuit. Therefore, we will recommend that the Court dismiss Petitioner's instant § 2241 habeas petition with prejudice as a successive petition pursuant to the "abuse of the writ doctrine."

Moreover, even if Petitioner's instant claims were again considered on their merits by this Court, as Respondent argues (Doc. 8, pp. 10-14), the record clearly shows that Petitioner's aggregate federal sentence was properly calculated by the BOP. In fact, the Court for the Northern District of Ohio considered the exact same record of Petitioner and found that he failed to "set forth a valid [habeas] claim that he is entitled to additional sentencing credit pursuant to [18 U.S.C.] §3585." (Doc. 8, Ex. 3, p. 6).

Initially, we find that inasmuch as Petitioner is challenging the BOP's computation of his aggregate federal sentence and is not seeking modification of his sentence imposed by the South Carolina District Court, he can proceed in a § 2241 habeas petition as opposed to a 28 U.S.C. § 2255 motion to modify sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 620 (M.D. Pa.

1996), *aff'd.* 100 F. 3d 946 (3d Cir. 1996) (Table); *Hawk v. Sherman*, 2008 WL 360897, * 6 (W.D. Pa.).  However, as the Ohio District Court stated, insofar as Petitioner seeks a reduction of his sentence under U.S.S.G. 5G.1.3, § 2255 is his recourse.

Respondent's evidence shows as follows:

9.   On January 21, 2004, Solomon was sentenced in the United States District Court for the District of South Carolina to a total term of 140 months imprisonment for Conspiracy to File a False Claim on a Firearms Application and Filing a False Claim on a Firearms Purchase Application [4:03-CR-0602 (D.S.C.)]. This sentence was ordered to run concurrently with the 70 month sentence Solomon was already serving on docket #02-Cr-0053 imposed in the Southern District of New York.  Attached hereto as <u>Attachment F</u> is a true and correct copy of the Judgment in a Criminal Case for case number 4:03-Cr- 0602 (D.S.C.).

10.   In order to comply with the intent of the sentencing court, a sentence computation was completed by aggregating (joining together) the 70 month federal sentence imposed under case #02-CR-0053 with the 140 month sentence imposed on January 21, 2004, under case #4:03-CR-0602.  A concurrent aggregation of two sentences is calculated by first adding the original term to the date the sentence was imposed, producing a full term date.  Then the second term is added to the date it was imposed (usually a later date), thus creating the full term date of the second term. The full term date of the first sentence is then subtracted from the full term date of the second term, which equals the "overlap" between the two terms.  The length of the original sentence is then added to the overlap in order to produce the total aggregate length of the two sentences.  Attached hereto as <u>Attachment G</u> is a true and correct copy of the Determining Concurrent Aggregate Overlap worksheet for Solomon's computation.

11.   In this case, it was done by commencing the new 140 month term on the date it was imposed (January 21, 2004), while the original 70 month sentence continued to be served.  This created a combined total term of 12 years, 9 months, and 5 days.  Prior custody credit was applied to t he computation from the date Solomon was arrested on August 21, 2001, until the day prior to the day his 70-month federal sentence was imposed, December 15, 2002, for a total of 482 days prior custody credit.  Attached hereto as <u>Attachment H</u> is a true and correct copy of the SENTRY computer

-12-

> generated Sentence Monitoring Computation Data as of July 10, 2009.
> See also Attachment G.

(Doc. 8, Ex. 1, Johnson Declaration, ¶'s 9.-11.).

We find that the BOP's July 10, 2009 computation of Petitioner's aggregate federal sentence properly calculated the amount of prior custody credit to which Petitioner was entitled under § 3585(b). (Doc. 8, Ex. 1, Atts. G and H). Respondent has submitted undisputed evidence that Petitioner received credit from the date that he was arrested with respect to his Southern District of New York federal firearm charges, *i.e.* August 21, 2001, through one day before his 70-month New York federal sentence was imposed (case # 02-CR-0053, S.D. N.Y.), *i.e.* December 15, 2002, for a total prior custody credit of 482 days. (*Id.*). As the *Hawk* Court stated, "[u]nder the express terms of 18 U.S.C. § 3585(b), the BOP may not grant prior custody credit for time served in official sentence. *See also Vega v. United States,* 493 F.3d 310, 314 (3d Cir. 2007) (the BOP did not err when it disallowed prior custody credit under 18 U.S.C. § 3585(b) because the time at issue had been credited against the petitioner's state parole violation); *Rios v. Wiley,* 201 F.3d 257, 272 (3d Cir. 2001)." *Hawk v. Sherman*, 2008 WL 360897, * 7. Additionally, in *King v. BOP*, 285 Fed. Appx. at 5, the Court stated that "a Defendant can only receive credit towards a federal sentence for prior custody 'that has not been credited against another sentence.'"(citations omitted). Thus, Petitioner Solomon cannot receive "double credit" for any detention time. *Id.* (citations omitted).

Since we agree with the District Court for the Northern District of Ohio (Doc. 8, Ex. 3), and find that the prior custody credit which Petitioner seeks in this case (*i.e.* about 1 year and 3 months, from August 21, 2001 through December 15, 2002) is within the BOP's authority

-13-

pursuant to § 3585(b),[3] since Petitioner received credit for this time period toward his first federal sentence, and since we find that the BOP has correctly calculated his aggregate federal sentence (Doc. 8, Ex. 1, atts. G and H), we shall recommend that if the Court considers Petitioner's habeas petition on its merits, it be denied.

---

[3]18 U.S.C. § 3585 provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

See King v. BOP, 285 Fed. Appx. 2, 4 (3d Cir. 2008).

**IV. Recommendation.**

For the reasons set forth above, we respectfully recommend that Petitioner Solomon's Habeas Petition (Doc. 1) be dismissed as a successive § 2241 petition pursuant to the "abuse of the writ doctrine." Alternatively, if the Court again considers the merits of Petitioner's Habeas Petition, we recommend that the Petition be denied.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 5, 2009**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN SOLOMON, | : | CIVIL ACTION NO. **1:09-CV-1219** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RONNIE HOLT, Warden, | : | |
| | : | |
| Respondent | : | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated **November 5, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: November 5, 2009**