# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN SOLOMON**, | : | CIVIL ACTION NO. 1:09-CV-1219 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **RONNIE HOLT**, Warden, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 4th day of January, 2010, upon consideration of the report and recommendation of the magistrate judge (Doc. 11) recommending that the petition for writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2241, be dismissed as a successive petition,[1] and alternatively dismissed on the merits,[2] and upon further consideration of the objections (Doc. 12) filed by petitioner, and, following an

---

[1] Petitioner previously filed a § 2241 habeas petition in <u>Solomon v. Sniekak [Sniezek]</u>, Civ. No. 4:06-CV-0295 (N.D. Ohio 2006). Petitioner claims the Ohio District Court did not address the merits of his case. After review of petitioner's objections and the Ohio District Court's opinion, it is clear that petitioner's claims have been previously adjudicated on the merits. Petitioner does not provide any substantive reason why this court should consider a claim which has been previously decided in another federal district court. <u>See</u> <u>Sanders v. United States</u>, 373 U.S. 1, 9 (1963) (holding that a court is not required to grant a hearing on a successive motion alleging claims already decided); <u>see also</u> <u>Furnari v. United States Parole Comm'n.</u>, 531 F.3d 241, 250 (3d Cir. 2008) (applying <u>Sanders</u> to claims brought pursuant to 28 U.S.C. § 2241). Therefore, the instant petition is dismissed as a successive petition.

[2] The magistrate judge found that the petitioner's claim failed on the merits, because the BOP calculated petitioner's aggregate federal sentence properly, including appropriate calculations for custody credit. Petitioner does not now object to the findings of the magistrate judge concerning the merits of his case.

independent review of the record, it appearing that petitioner argues that his prior habeas petition was not decided on its merits, and that his sentence was erroneously calculated,[3] and that the magistrate judge did not have jurisdiction over the matter,[4] and the court finding that the merits of petitioner's prior habeas petition were previously adjudicated, and that petitioner's sentence has been appropriately calculated, and it appearing that neither party has objected the remaining findings of the magistrate judge's report and recommendation, and that there is no clear error on the face of the

---

[3] Petitioner posits that this court has authority under 18 U.S.C. § 3584 to award him "credit" for time served. Specifically, petitioner contends this court can credit him time for the discharged portion of his first sentence, against his second sentence, which was to run concurrent to the first sentence. When imposing a concurrent sentence, the court has authority to adjust the sentence to achieve some coordination of sentences. See Witte v. United States, 515 U.S. 389, 4004-05 (1995). To accomplish this coordination, "the court shall adjust [or credit] the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP]." U.S.S.G. Manual § 5G1.3 (1995). The court finds that the sentencing court complied with the requirements of 18 U.S.C. § 3584 and § 5G1.3 and made the requisite adjustment at the time of sentencing.

[4] Petitioner cites 28 U.S.C. § 636 as requiring signed consent from the parties for a magistrate judge to be assigned to a matter. Under the Federal Magistrate Judges Act, the jurisdiction of a magistrate judge may arise in one of three ways, including by referral of a district judge. 28 U.S.C. § 636(b); see Wharton-Thomas v. United States, 721 F.2d 922, 927 (3d Cir. 1983).

record,[5] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 11) is ADOPTED.

2. Petitioner's petition (Doc. 1) is DISMISSED.

3. The Clerk of Courts is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[5] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.